IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAKIN SADIQ SABIRIN-EL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SOCIETY FOR INDUSTRIAL APPLIED MATHEMATICS, et al. | : | NO. 14-3961 |

### MEMORANDUM

MCHUGH, J.                                                JULY 8 , 2014

Plaintiff Sakin Sadiq Sabirin-El brings this action against the Society for Industrial Applied Mathematics ("SIAM") and several of its employees, based on allegations that he was discriminated against in the course of his employment. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis*, dismiss certain of his claims, and allow him to proceed on the remainder of his claims.

### I.   FACTS

Plaintiff, an employee of SIAM, alleges that he is a "Moorish American National-Moslem." He claims that, during his employment with SIAM, he has suffered from "harassment, racial, religious and national discrimination and fraud." Specifically, plaintiff asserts that, over a period of approximately seven months, his distribution manager, defendant Joe Martin, called him a "pussy," told plaintiff to "kiss his ass," and "made a racial slur" concerning Dr. Martin Luther King's birthday. Martin also allegedly said that "Islamic and non Irish people [should] fuck [themselves]." It appears that plaintiff complained about Martin's conduct, but that defendants Lauren Steidel and Susan Palantino decided that Martin was "talking about himself." Plaintiff alleges that, after he complained about Martin, he was not given any more "extra hours."

1

Plaintiff also claims discrimination based on the fact that defendants Palantino, Steidel, and Ann Fahy refused to honor his assertion that SIAM should not withhold federal taxes from his paycheck. Plaintiff believes that his "Moorish American" nationality exempts him from payment of federal taxes and informed the defendants of his position. It appears that Palantino, Steidel, and Fahy disagreed and, accordingly, authorized the withholding of federal taxes from plaintiff's wages.

Based on those allegations, plaintiff filed this action, purportedly pursuant to the "Treaty of Peace and Friendship between Morocco and the United States for America 1787." He seeks damages in the amount of $7 million, an order establishing his "tax exempt status" so as to stop the deduction of federal taxes from his paycheck, and the filing of criminal charges against Palantino and Fahy for authorizing the deduction.

## II.  STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the complaint if it is frivolous, i.e., if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally and apply the applicable law regardless of whether plaintiff mentioned it by name. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999).

## III. DISCUSSION

To the extent plaintiff's claims are based on the Treaty of Peace and Friendship between Morocco and the United States and/or his allegation that his "Moorish American" status exempts him from payment of federal taxes, his claims are frivolous. Federal courts have consistently concluded that such claims have no basis in fact or law. *See Bey v. City of Rochester*, Civ. A. No. 11-6457, 2012 WL 1565636, at *7 (W.D.N.Y. Apr. 30, 2012) ("Viewing the allegations in the light most favorable to Plaintiffs, the Court fails to see how the Treaty provides Plaintiffs with an exemption from property taxes."); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D.N.J. 2011) ("[A] litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous."); *Saabirah El v. City of New York*, Civ. A. No. 00-8979, 2002 WL 1482785, at **4-5 (S.D.N.Y. July 10, 2002) (explaining that "being a Moorish American bears no weight on the obligation to pay taxes," and concluding that there was no basis for employment discrimination claim where plaintiff was terminated for fraudulently claiming full exemption from tax withholdings based on her "Moorish American" status); *Bey v. City of New York D.O.C.*, Civ. A. No. 97-4866, 1997 WL 576090, *2 (S.D.N.Y. 1997) (rejecting claim that plaintiffs were exempt from payment of taxes because they are "Free Moorish Nationals"), *aff'd*, 164 F.3d 617 (2d Cir. 1998) (unpublished table disposition). Accordingly, the Court will dismiss all of plaintiff's claims that are based on the Treaty of Peace and Friendship and the defendants' withholding of taxes from his wages. Plaintiff will not be permitted to amend those claims, because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). As the only allegations

3

against defendant Fahy are based on her involvement in withholding taxes from plaintiff's wages, the Court will dismiss Fahy as a defendant.

However, the remaining facts alleged in the complaint concerning Martin's comments to plaintiff and the fact that plaintiff appears to have been denied extra hours after complaining about those comments arguably support claims under Title VII and the Pennsylvania Human Relations Act. Accordingly, plaintiff may proceed on those claims at this time.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's claims to the extent they are based on the Treaty of Peace and Friendship and the defendants' withholding of federal taxes from his wages. Plaintiff may proceed on his Title VII and Pennsylvania Human Relations Act claims at this time. An appropriate order follows.